UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAMIRO H. COSIO,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                Defendants. | Case No. 3:17-cv-05128-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Ramiro H. Cosio has brought this matter for judicial review of defendant's denial of his application for a period of disability and disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court reverses the Commissioner's decision denying benefits and remands for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Cosio applied for a period of disability and disability insurance benefits on June 22, 2011, alleging that he became disabled beginning April 1, 2002.[1] Dkt. 7, Administrative Record

---

[1] The record indicates some confusion about the alleged onset date of Mr. Cosio's disability. Mr. Cosio originally alleged disability beginning April 1, 2002. See AR 1974. At a hearing in February 2014, he amended the alleged onset date to June 1, 2004. AR 16, 46-47. But in the more recent ALJ decision and hearing, the ALJ instead considered the period beginning April 1, 2002, the original onset date. AR 1974-75; *see* AR 1997-99, 2001. The Commissioner does not contend that records from before June 1, 2004, are irrelevant. For ongoing impairments like Mr. Cosio's, earlier records may be relevant the closer they are in time to the alleged onset date. *See, e.g.*, *Howard v.*

ORDER - 1

(AR) 1974. That application was denied on initial administrative review and on reconsideration. *Id.* Hearings were held before an administrative law judge (ALJ) in August 2013 and February 2014. AR 34-53. The ALJ found that Mr. Cosio was not disabled. AR 16. In March 2016, however, this Court vacated that decision and remanded the case to the Social Security Administration. AR 2060.

On remand, another hearing was held before an ALJ, on September 13, 2016. AR 1992-2023. Mr. Cosio and a vocational expert appeared and testified. *Id.* In a written decision on October 24, 2016, the ALJ found that Mr. Cosio could perform his past relevant work and therefore was not disabled. AR 1974-84. The Appeals Council did not assume jurisdiction of the matter, making the ALJ's decision the Commissioner's final decision. Mr. Cosio then appealed that decision in a complaint filed with this Court on February 2, 2017. Dkt. 1; 20 C.F.R. § 404.981.

Mr. Cosio seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

  (1)  in considering the disability rating that Mr. Cosio received from the United States Department of Veterans Affairs (the VA);

  (2)  in evaluating the medical opinion evidence;

  (3)  in discounting Mr. Cosio's subjective testimony; and

  (4)  in rejecting the testimony of lay witnesses.

For the reasons set forth below, the Court agrees that the ALJ erred by failing to take into account the empirical bases for Mr. Cosio's VA disability rating, by not giving proper legal weight to the VA's rating and reasons for the rating, and that the ALJ therefore committed legal

---

*Colvin*, No. 3:14-CV-05885, 2015 WL 3477152, at *5 (W.D. Wash. June 2, 2015). Accordingly, the Court addresses April 1, 2002 as the start of the relevant period.

ORDER - 2

error in assessing Mr. Cosio's RFC and finding him not disabled. Accordingly, the Court reverses the decision to deny benefits and remands this matter for further administrative proceedings.

## SCOPE OF REVIEW AND STANDARD OF REVIEW

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.520, 416.920. If the ALJ finds the claimant disabled or not disabled at any particular step, the ALJ makes the disability determination at that step and the sequential evaluation process ends. *See id*. Here, Mr. Cosio challenges the ALJ's analysis of the evidence in reaching an RFC assessment and finding Mr. Cosio not disabled at step five. Dkt. 11, pp. 1-2. At issue is the ALJ's weighing of Mr. Cosio's 80-percent disability rating from the VA, her weighing of different pieces of medical opinion evidence, her evaluation of Mr. Cosio's testimony and that of three lay witnesses, and the resulting assessment of Mr. Cosio's RFC and conclusion that he can perform jobs in the national economy. *See* AR 1978-84.

This Court affirms an ALJ's determination that a claimant is not disabled if the ALJ applied "proper legal standards" in weighing the evidence and making the determination and if "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

This Court will thus uphold the ALJ's findings if "inferences reasonably drawn from the record" support them. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.

2004). If more than one rational interpretation can be drawn from the evidence, then this Court must uphold the ALJ's interpretation. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

I. Mr. Cosio's Date Last Insured

The parties dispute what time period the ALJ should have considered in determining whether Mr. Cosio was disabled.

Mr. Cosio's date last insured was June 30, 2004. AR 1974-75. To be entitled to disability insurance benefits, a claimant "must establish that her disability existed on or before" the date her insured status expired. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998); *see* 42 U.S.C. § 423(a) (providing that every claimant "insured" for disability insurance benefits and "under a disability" will be entitled to benefits). Mr. Cosio asserts that "the relevant period" is from 2004 to 2005, but he does not explain that assertion and there is no clear basis for it. *See* Dkt. 11, p. 6; Dkt. 19, p. 4. Because Mr. Cosio was last insured on June 30, 2004, he must establish he was disabled by that date. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); 42 U.S.C. § 423(a)(1)(A).

This does not mean, as the Commissioner implies, that evidence post-dating the date last insured cannot be considered. *See* Dkt. 15, p. 7. It can be, to the extent it shows Mr. Cosio's condition before that date. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("We think it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability. It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." [internal citations omitted]).

II. Mr. Cosio's Department of Veterans Affairs Disability Rating

An ALJ must consider the VA's findings in reaching a decision, "although a VA rating of disability does not necessarily compel the SSA to reach an identical result." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing 20 C.F.R. § 404.1504). The Ninth Circuit

"ordinarily" accords VA determinations "great weight," because the two disability programs are similar: "Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.*

Therefore, the ALJ must provide "'persuasive, specific, valid reasons'" to assign less weight to the VA disability rating, and the record must support those reasons. *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694-95 (9th Cir. 2009)). The "acquisition of new evidence or a properly justified reevaluation of old evidence" can constitute such a reason. *Valentine*, 574 F.3d at 695. For example, the Ninth Circuit has upheld an ALJ's reasoning in "rejecting the VA's disability rating on the basis that she had evidence the VA did not, which undermined the evidence the VA did have." *Id.* But where an ALJ errs in assessing medical evidence that the VA considered, the ALJ also errs in rejecting the VA rating based on that evidence. *See id.*

Here, the VA assigned an overall disability rating of 80 percent. It did so after assessing separate disability ratings of 70 percent for post-traumatic stress disorder (PTSD) and 20 percent diabetes milletus, conditions the VA found to be "service connected."[2] AR 237, 240. The VA paid Mr. Cosio at the 100-percent rate, however, explaining that his "service connected activities prevent [him] from establishing gainful employment." AR 237. The VA provided a written decision explaining its reasons and the evidence it based its decision on. AR 243-48. That

---

[2] The VA did not grant "service connection" for Mr. Cosio's knee injury because his records did not contain evidence that he first injured it while playing basketball in Vietnam in 1968 as he claimed. AR 236, 1552.

The VA explained of its overall disability rating: "We do not add the individual percentages of each condition to determine your combined rating. We use a combined rating table that considers the effect from the most serious to the least serious conditions." AR 237.

evidence included an October 2002 physical examination by Ronald Woodruff, PAC, and an October 2002 psychiatric examination by David Wigutoff, Ph.D. *See* AR 244, 1552, 1556.

The ALJ gave "little weight" to the VA disability rating and the empirical evidence and medical opinions upon which it was based. AR 1982. The ALJ noted Dr. Wigutoff's October 2002 evaluation and the assessment he made that resulted in Mr. Cosio's global assessment of functioning score of 35. *Id.*; *see* AR 1556-59. In addition, the ALJ noted the 70-percent disability rating that the VA assigned for PTSD in 2002, and the VA's "individual unemployability" determination. AR 1982; *see* AR 237, 240. In rejecting this evidence, the ALJ explained only that it was "inconsistent with the evidence of record through the date last insured, the period at issue." AR 1982. She gave as an example Mr. Cosio's ability to attend group treatment and court-ordered anger management classes. *Id.* And she found that Dr. Wigutoff's evaluation contained little objective support apart from an observation that Mr. Cosio had a "mostly flat affect." *Id.*

These were not persuasive, specific, and valid reasons to reject the VA evidence.

The Commissioner offers no argument in defense of the ALJ's discussion of the VA disability rating. Dkt. 15, pp. 13-14. The Commissioner contends that the ALJ provided one reason to reject it. The Commissioner asserts that Mr. Cosio waived this argument concerning the VA evidence by not addressing the single reason given by the ALJ. Yet Mr. Cosio certainly raised this issue in his briefing, assigning error to the ALJ's consideration of the VA rating, and the Commissioner was able to respond. And the issue is properly before the Court, regardless of any potential waiver, because the Court has an independent burden to determine whether the Commissioner's decision is free of legal error and whether substantial evidence supports it. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

First, the record does not support the ALJ's finding that the VA rating was inconsistent with evidence regarding Mr. Cosio's mental condition through the date last insured, June 30, 2004. The ALJ pointed to Mr. Cosio attending group sessions for diabetes treatment and anger management classes, implying this was inconsistent with disabling symptoms of PTSD. AR 1982. The ALJ cited generally to over 200 pages of the record for this proposition. *Id.* (citing AR 649-758 (Exhibit 7F), 1309-1421 (Exhibit 13F)). Although the record contains references to "small group" therapy as well as "one on one," and at least one description of Mr. Cosio as "able to discuss and interact in the group," it does not indicate how often Mr. Cosio attended or what his participation entailed. *See* AR 1363, 1366, 1372-73. The ALJ did not explain why she concluded that Mr. Cosio's participation in this treatment was inconsistent with the VA's assessment of his limitations due to PTSD. This reason was neither specific nor persuasive.

Second, the ALJ failed to offer sufficient reasons to reject the underlying opinion of Dr. Wigutoff, who found that Mr. Cosio was "functioning quite poorly" and "unable to work" due to PTSD symptoms. *See* AR 1558-59. Neither the ALJ nor the Commissioner point to evidence that contradicts Wigutoff's opinion; consequently, the ALJ was required to offer clear and convincing reasons to reject that opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). She did not do so.

Dr. Wigutoff's evaluation included lengthy histories of Mr. Cosio's symptoms and his personal life before and after the military, along with brief reviews of his mental-health treatment history and the trauma he experienced in his military service in Vietnam. AR 1556-58. In a mental status exam, Dr. Wigutoff observed that Mr. Cosio was well groomed; that "[h]is affect was stable, mostly flat," that he gave "quite effective" answers to questions and appeared intelligent, and that he did not show signs of psychotic thinking. AR 1558. He also noted that

Mr. Cosio explained "that he keeps clean to avoid the feeling of all the dirt and mud from Vietnam and so that people will think he is 'not a bum.'" *Id.* Dr. Wigutoff unpacked this explanation in his assessment, writing:

> The fact that [Mr. Cosio's] hygiene appears good somewhat makes him appear to be functioning better than he actually is and actually sheds a misconception. He is functioning quite poorly at the present time in that he is not able to tolerate anyone with any other different point of view at all and he is not able to work and he is not able to behave appropriately with his family and he is not able to accomplish anything even around the house.

*Id.*

In rejecting Dr. Wigutoff's opinion, the ALJ explained only that "Dr. Wigutoff's mental evaluation shed very little light objectively. There was but brief mention of a mostly flat affect and there was no other remarkable sign, such as agitation or distractibility." AR 1982.

The Ninth Circuit recently observed in *Buck v. Berryhill* that, "as two other circuits have acknowledged, '[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology.'" 869 F.3d 1040, 1049 (9th Cir. 2017) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989)). The Court explained: "Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry." *Id.*

Here, the ALJ did not reject Dr. Wigutoff's opinion as based on unreliable self-reports, as the ALJ did in *Buck*. *See* 869 F.3d at 1049. Instead, she ignored Dr. Wigutoff's observations and his assessment of Mr. Cosio's mental state outside of the mental status exam. The ALJ implied that if Mr. Cosio suffered from the debilitating symptoms Dr. Wigutoff found, Mr. Cosio would have shown some "other remarkable sign, such as agitation or distractibility." AR 1982. But the ALJ cited no medical opinion supporting that proposition, and nothing in the record appears to

support her reasoning. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (ALJs "must be careful not to succumb to the temptation to play doctor"). Dr. Wigutoff provided a thorough explanation of the bases for his opinion that PTSD prevented Mr. Cosio from interacting with people, working, and performing daily activities. AR 1558-59. The ALJ erred in failing to address those bases while focusing solely on the mental status exam Dr. Wigutoff performed. *See Buck,* 869 F.3d at 1049.

Because the record does not support the ALJ's finding that the VA rating was inconsistent with other evidence in the record and she gave no clear and convincing reason to reject Dr. Wigutoff's supporting opinion, the ALJ erred by failing to give persuasive, specific, and valid reasons to reject the VA disability rating.

III. The ALJ's RFC Assessment

The Commissioner uses a claimant's residual functional capacity (RFC) assessment at step four of the sequential evaluation process to determine whether the claimant can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2. The RFC is what the claimant "can still do despite his or her limitations." *Id.*

The ALJ found that "through the date last insured," Mr. Cosio had the RFC:

> **to perform medium work as defined in 20 CFR 404.1567(c). The claimant was able to stand for 4 hours, walk for 2 hours, and sit for 6 hours. Further, the claimant was able to perform work that did not require him to have contact with the public. He was able to have occasional interaction with supervisors and coworkers. The claimant was able to perform simple, routine tasks defined as not greater than reasoning level 2.**

AR 1978 (emphasis in the original). The ALJ then found Mr. Cosio could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's

ORDER - 9

testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as Mr. Cosio. AR 1983-84.

Because, as discussed above, the ALJ erred in failing to properly evaluate Mr. Cosio's VA disability rating, the RFC above does not completely and accurately identify or describe all of his functional limitations. Consequently, the hypothetical question the ALJ posed to the vocational expert—and thus that expert's testimony and the ALJ's reliance thereon—were not supported by substantial evidence or free of error.

IV. Remand for Further Proceedings

The Court may in its discretion remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292; *see Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon v. Berryhill*, 874 F.3d 1130, 1133 (9th Cir. 2017). If the district court concludes that additional proceedings can remedy the errors that occurred in the original hearing, the case should be remanded for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

In general, the Court should remand for an award of benefits where

> "1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 & n.11 (quoting *Garrison*, 759 F.3d at 1020).

Here, crediting as true the VA rating and its supporting opinion testimony, the Commissioner would be required to find that Mr. Cosio was disabled as of his date last insured, June 30, 2004. But when a claimant applies for benefits for current disability after her date last insured, that disability must have been "continuously disabling from time of onset during insured

status to time of application." *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1460 (9th Cir. 1995); *see* 20 C.F.R. § 404.320(b)(3) (requiring that disability applicant file for period of disability while still disabled or within 12 months of the month when disability ended). Thus, to qualify for disability insurance benefits, Mr. Cosio must also show that he was continuously disabled from his date last insured to his 2011 application date or, if his disability had ended by that date, to within 12 months of it. The ALJ did not address this question, and this Court cannot say that, crediting the improperly rejected evidence as true, a finding of disability would be required. Therefore, this Court must remand for the Commissioner to determine whether Mr. Cosio was continuously disabled for that period.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined Mr. Cosio to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 11th day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge