UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMIRO H. COSIO,

      Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

      Defendants.

Case No. 3:17-cv-05128-TLF

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412

This matter is before the Court on Ramiro H. Cosio's filing of a motion for attorney fees, expenses, and costs pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Dkt. 23. After amending his motion, Mr. Cosio seeks a total of $6,100.49 in attorney fees, $414 in costs, and $5.97 in expenses. Dkt. 27.

A request for attorneys' fees should not become a second major litigation. *Decker v. Berryhill,* 856 F.3d 659, 663 (9th Cir. 2017). The Court may grant a plaintiff's motion because the ALJ's reasons are not supported by the record. *See Meier v. Colvin,* 727 F.3d 867, 873 (9th Cir. 2013).

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court

ORDER GRANTING PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND EXPENSES PURSUANT TO 28
U.S.C. § 2412 - 1

finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The government bears the burden of proving that its position was substantially justified. *Gardner v. Berryhill,* 856 F.3d 652, 656 (9th Cir. 2017). The Court considers whether the government's conduct was "justified to a degree that could satisfy a reasonable person" and "had a 'reasonable basis both in law and fact.'" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Substantial justification is "more than mere reasonableness," though it "does not mean 'justified to a high degree.'" *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988); *Corbin*, 149 F.3d at 1052 (quoting *Pierce*, 487 U.S. at 565).

The Court must review the position of the United States in the civil action as well as the underlying action or inaction of the agency. *Gardner,* 856 F.3d at 656. The Court must determine whether the government's position on the particular issue on which the Court based the remand decision was substantially justified, not whether the ALJ would ultimately deny benefits after considering the case again on remand. *Gardner,* 856 F.3d at 656-57.

In *Corbin v. Apfel*, the Ninth Circuit overturned the district court's decision denying the plaintiff's request for attorneys' fees. 149 F.3d 1051, 1052 (9th Cir. 1998). The Court observed that, because the ALJ failed to provide clear and convincing reasons for discrediting the plaintiff's subjective complaints, this was such a fundamental error that it was difficult to justify the government's position on appeal in that case. *Id.* at 1053; *see also Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir. 2008) (holding that ALJ made the same type of fundamental error as ALJ in *Corbin* by failing "to provide clear and convincing reasons for discrediting [claimant's] subjective complaints"). When the ALJ's decision is not supported by substantial evidence, this

ORDER GRANTING PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND EXPENSES PURSUANT TO 28
U.S.C. § 2412 - 2

strongly indicates that the government's position lacks substantial justification under 28 U.S.C. § 2412(d)(1)(A). *Meier*, 727 F.3d at 872.

Here, it is uncontested that Mr. Cosio is a prevailing party given that this case was remanded for an award of benefits. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)). In addition, the Commissioner does not argue there are any special circumstances making an award of attorney fees unjust.

The Commissioner does not appear to contend, either, that the ALJ's underlying decision was substantially justified. Because both the underlying agency decision and the Commissioner's litigation position must be substantially justified to avoid EAJA fees, the Commissioner's failure to contend that the ALJ decision was substantially justified would alone lead this Court to grant Mr. Cosio's EAJA motion. *See Meier*, 727 F.3d at 870. The Court nonetheless addresses the Commissioner's arguments below.

The Commissioner asks that this Court deny Mr. Cosio's motion because the government's position in defending the ALJ decision was substantially justified. In particular, the Commissioner asserts that a reasonable person could have found, as the ALJ did, that objective evidence did not support the opinion of David Wigutoff, Ph.D., a psychiatrist who examined Mr. Cosio. Dkt. 25, pp. 2-3.

Even if the Commissioner is correct on this narrow point, it would not make either the ALJ decision or the Commissioner's litigation position substantially justified. As this Court observed in reversing the ALJ decision, the ALJ was required to give "'persuasive, specific, valid reasons'" to assign less weight to Mr. Cosio's disability rating from the U.S. Department of Veterans Affairs (VA), and the record needed to support those reasons. Dkt. 20, p. 5; *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574

F.3d 685, 694-95 (9th Cir. 2009)). The ALJ stated only that the VA rating was "inconsistent with the evidence of record through the date last insured, the period at issue," pointing to evidence that Mr. Cosio could attend group therapy. Dkt. 20, p. 6; AR 1982. She also rejected the underlying opinion of Dr. Wigutoff. *Id.* The Court found that these were not persuasive, specific, or valid reasons and that the record did not support them. Dkt. 20, pp. 6-9.

The record's lack of support for the ALJ's reasoning is a "strong indication" that the ALJ's position was not substantially justified. *Meier*, 727 F.3d at 873. The Commissioner offers no reason that this would be a "decidedly unusual case" in which the ALJ's decision lacked substantial evidence to support it but was nonetheless substantially justified. *See Meier*, 727 F.3d at 872. Because the ALJ decision lacked a reasonable basis in law and fact, it was not substantially justified. *See Gutierrez*, 274 F.3d at 1258.

In addition, in defending that decision in litigation, the Commissioner offered no substantive argument to support the ALJ's rejection of Mr. Cosio's VA rating. Dkt. 15, pp. 13-14; *see* Dkt. 20, p. 6. The Commissioner instead relied on a waiver argument, which the Court rejected. *Id.* Because the Commissioner did not address the central issue that led to remand, the Commissioner's litigation position was not substantially justified, either.

The Commissioner contends that the government's position had a reasonable basis in fact because "some evidence" supported it. Dkt. 25, pp. 2-3. That is not the correct standard. The Commissioner cites an opinion, *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991), with a different procedural posture. In *Williams*, the Ninth Circuit was reviewing for abuse of discretion a district court's finding that the government's position was substantially justified. It is not clear that the Ninth Circuit was announcing a "some evidence" standard of review in that case, and few courts have cited the case for that proposition. More importantly, the Ninth Circuit has

ORDER GRANTING PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND EXPENSES PURSUANT TO 28
U.S.C. § 2412 - 4

rejected a "some evidence" standard when determining, in the first place, whether the government's position was substantially justified. *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) (holding that government was not substantially justified in defending ALJ's unexplained rejection of significant probative evidence).

In short, because the Commissioner's arguments in response to the motion lack merit, the Commissioner has not carried the burden of showing that the government's position was substantially justified. *See Gardner,* 856 F.3d at 656. The ALJ's fundamental errors and the Commissioner's lack of an argument in defense them show that in this case, as in *Corbin*, *Shafer*, and *Meier*, the government's position was not substantially justified as to the issues upon which the Court based its decision to remand.

Before granting attorney fees under the EAJA, the Court must determine whether those fees are "reasonable." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990); 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner does not challenge the reasonableness of the fees, costs, and expenses that Mr. Cosio requests. The Court will therefore "defer[ ] to the winning lawyer's professional judgment" and award the requested amount. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012).

Accordingly, the Court hereby orders as follows:

(1) Plaintiff is granted attorney fees in the amount of $6,100.49 in attorney fees,[1] $414 in costs, and $5.97 in expenses.

---

[1] This includes 3.7 hours that plaintiff's attorney spent on work related to plaintiff's attorney fees motion and attorney fees motion reply brief. *See* Dkt. 27-1, p. 1; *Jean*, 496 U.S. at 161-62 (stating ,"absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and "the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole") (citing *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (stating where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded")).

ORDER GRANTING PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND EXPENSES PURSUANT TO 28
U.S.C. § 2412 - 5

(2) Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be sent to plaintiff's attorney Teal M. Parham at 910 12th Avenue - PO Box 757, Longview, WA 98632.

(3) After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to Mr. Cosio's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney, either by direct deposit or by check payable to him and mailed to his address.

Dated this 11th day of April, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge